**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| v. | ) | **Criminal No. 08-299** |
| | ) | **Civil No. 14-912** |
| | ) | |
| **ALLEN BROWN.** | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER OF COURT**

Pending before the Court is a MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY (ECF No. 165) filed by Petitioner, Allen Brown, along with an amended brief in support (ECF No. 170).[1] The government has filed a brief in opposition to the motion (ECF No. 173); Brown has filed a reply (ECF No. 181). Accordingly, the motion is ripe for disposition.

**I.   Background**

The facts of the underlying this case have been outlined by this Court and the United States Court of Appeals for the Third Circuit on numerous occasions, and therefore, the Court will not recite the facts at length. *See United States v. Brown*, 647 F. Supp. 2d 503 (W.D. Pa. 2009) *aff'd,* 631 F.3d 638 (3d Cir. 2011) ("*Brown I*") and *vacated,* No. 2:08-CR-299, 2011 WL 3678682 (W.D. Pa. Aug. 19, 2011) *aff'd,* 534 F. App'x 132 (3d Cir. 2013) ("*Brown II*").  The following is a brief recitation of those matters relevant to the issues presently before the Court.

On August 12, 2008, a federal grand jury sitting in the Western District of Pennsylvania returned a two-count indictment against Allen Brown, which charged him with Bank Robbery

---

1. Brown originally filed his motion to vacate (ECF No. 165) on July 10, 2014, along with a brief in support (ECF No. 166) in which he requested, *inter alia*, that the Court hold the proceedings in abeyance to allow him sufficient time to properly present his claim that his trial counsel was ineffective—on no less than eighteen separate grounds. The Court denied the request (ECF No. 168), but it later granted Brown an extension of time to file an amended motion/brief.  Brown did so on November 25, 2014 (ECF No. 170).

and Armed Bank Robbery of an S & T Bank in Ford City, Pennsylvania on October 1, 2007. During the pre-trial phase of this action, Brown moved to suppress DNA evidence collected pursuant to a search warrant. In support, Brown argued that portions of the affidavit supporting the warrant application were materially false, in particular paragraph 7(c), which stated that "various witnesses . . . reported witnessing the [getaway vehicle] meet up with a silver Volkswagen Jetta."

At the suppression hearing, Pennsylvania State Trooper Shane Lash, who led the initial investigation into the bank robbery, testified that he had not told FBI Special Agent Robert Smith, who prepared the affidavit, that witnesses had seen the two vehicles together. Additionally, Special Agent Smith testified that he could not recall from whom he obtained the information in paragraph 7(c). Trooper Lash was also questioned about photographs taken of the original crime scene, which Brown's counsel requested. Tr. of Suppr. Hr'g. (July 31, 2009), ECF No. 79 at 49:23-50:1. The government assured this Court that it would produce that evidence to opposing counsel. *Id.* at 50:10-11. Following the hearing, this Court granted the motion to suppress because it found that the affidavit contained materially false statements. The government appealed, and the United States Court of Appeals for the Third Circuit affirmed. *See Brown I*, 631 F.3d at 650.

Shortly after that decision, Thomas Klingensmith, a resident of Ford City, contacted the Pennsylvania State Police, with information that he had witnessed the "meet up" between the van and the Jetta and that Special Agent Smith had interviewed him on the day of the robbery. The government thereafter moved to reopen the suppression hearing, which the Court granted. Following a second hearing, the Court denied Brown's motion to suppress the DNA evidence, and the case proceeded to trial.

2

At trial, the government presented nineteen witnesses, including Klingensmith, John Wingate, and Doug Shreffler, and introduced numerous exhibits, including a letter that Brown had written while in prison. *See* Ex. List, ECF No. 127; Witness List, ECF No.128. This letter stated Brown's intention to challenge the government's case "until [he] can't challenge no more [sic]." *See* Trial Tr. ECF No. 151 at 23:22-25. Brown's counsel, in turn, introduced twenty-six exhibits, including eight photographs depicting the original crime scene with evidence markers in-place. *See* Def. Ex. Y, KK, Z, AA, BB, CC, DD, EE, FF, ECF No. 127 at 2. At the conclusion of the three-day trial, the jury returned a verdict of guilty.

Prior to sentencing, the Court issued Tentative Findings and Rulings, which determined that Brown had an offense level of twenty-six with a criminal history category III, resulting in a recommended guideline range of eighty-seven to ninety-seven months imprisonment. Seven of Brown's nine adult convictions were not considered in calculating his criminal history score. *See also* Sentencing Hearing, ECF No. 153 at 13:2-10, 20:12-17.

The Court ultimately sentenced Brown to ninety-six months' imprisonment. Brown appealed on several grounds, and the Court of Appeals affirmed the judgment of conviction and sentence. *Brown II*, 534 Fed App'x. at 138.

On November 25, 2014 Brown filed the pending § 2255 motion in which he seeks relief from his conviction and sentence, alleging that he received ineffective assistance of counsel. The government opposes the motion. For the reasons that follow, the motion will be denied without a hearing, and no certificate of appealability will be issued.[2]

---

2. A district court has the authority to dismiss a motion to vacate without holding an evidentiary hearing when it is clear from both the motion and the record that the movant is not entitled to relief. *See* 28 U.S.C. § 2255(b). As more fully explained herein, Brown has not demonstrated a prima facie entitlement to relief. Therefore, the Court will resolve this motion without a hearing.

## II. Legal Standard

Courts review the effectiveness of counsel using the two-part test established by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). As the *Strickland* Court explained:

> First, the defendant must show that counsel's performance was deficient. This requires a showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

466 U.S. at 687. Further, courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." In this regard, a court's review of counsel's professional performance is "highly deferential." *Id.* at 689. Moreover, "an error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691.

## III. Discussion

Brown argues that his trial counsel (Marketa Sims) was ineffective for (1) failing to file a *Brady* motion demanding photographs of the original crime scene; (2) failing to accurately calculate his potential sentencing guideline range during plea negotiations; and (3) failing to object to egregious prosecutorial misconduct."[3] The Court will address these claims seriatim.

### 1. Failure to Obtain the Original Crime Scene Photographs

Brown first alleges that his counsel was ineffective for not filing a motion demanding the original crime scene photographs from the Pennsylvania State Police or seeking to hold the

---

3. In his amended brief in support, Brown raised two additional grounds for relief: (1) that his trial counsel was ineffective for failing to interview Dough Shreffler before trial; and (2) that his appellate counsel was ineffective for failing "to raise some of the issues on plain error." Brown withdrew his first claim in his reply brief and offers no support or explanation regarding the meaning of his second allegation. Accordingly, the Court will not address either claim.

government in contempt. The government responds that it had provided the photographs in question on June 24, 2009 and on August 3, 2009. The government also notes that counsel introduced these photographs as exhibits during trial. The Court finds that Brown's argument is without merit.

Here, counsel had no need to file a *Brady* motion to obtain the original crime scene photos. At the first suppression hearing on July 31 2009, the government assured this Court that it would provide opposing counsel with the photos. And the parties in fact introduced into evidence several of these photographs at trial, which display the evidence markers referenced by Defendant in his motion. It is thus apparent that the government followed through on its promise, and Brown's allegations do not overcome the "strong presumption" that counsel provided, at minimum "reasonable professional assistance." *See Strickland*, 466 U.S. at 687, 689. This claim is, therefore, rejected.

### 2. Miscalculation of Potential Guideline Range

Brown next argues that his counsel was ineffective because she miscalculated his potential sentencing guideline range during pre-trial plea negotiations. In support, Brown submits that counsel incorrectly communicated to him that his criminal history category was IV, which resulted in a guideline range of 92 to 156 months' imprisonment, when in fact his criminal history category was III, which results in a range of 78 to 97 months. Brown claims that he would have "elected a plea of guilty," had he known the correct range.

In response, the government asserts (1) that had defense counsel miscalculated defendant's applicable sentencing range, such error was not "grossly erroneous;" (2) that Brown has not shown that there was a reasonable probability that the plea offer would have been presented to and accepted by the Court; and (3) that Defendant's claim that he would have pled guilty is not credible under the circumstances. The Court agrees.

The Sixth Amendment right to effective assistance of counsel extends to the plea-bargaining phase of the case. *See Lafler v. Cooper*, -- U.S. --, 132 S. Ct. 1376 (2012). "[C]laims of ineffective assistance of counsel in the plea bargain context are governed by the two-part test set forth in *Strickland*." *Missouri v. Frye*, -- U.S. --, 132 S. Ct. 1399, 1405 (2012) (citing *Hill v. Lockhart*, 474 U.S. 52, 57 (1985)). That is, Brown must demonstrate that his counsel's performance was deficient and that such deficient performance prejudiced him. He has not done so.

First, assuming that Brown's allegations regarding his counsel's miscalculations are true, counsel's faulty estimation of Brown's criminal history score/category is not so erroneous as to have rendered her performance deficient—particularly in light in Brown's lengthy criminal record that includes nine adult convictions. *See Jones v. United States*, 131 F. App'x. 819, 821 (3d Cir. 2005) (citing *United States v. Martinez*, 169 F.3d 1049, 1053 (7th Cir. 1999) (an attorney's "mere inaccurate prediction of a sentence" does not demonstrate a deficiency component of an ineffective assistance of counsel claim). Second, even if counsel's performance was grossly erroneous, her performance did not prejudice Brown. Brown was obstinate in the face of the government's case, a fact evidenced by the letter he wrote from prison in which he made his intent clear: he would challenge the case "until [he] can't challenge no more [sic]." It thus strains credulity that Brown would have pled guilty had he been accurately informed of his criminal history score/category by counsel. Defendant's claim is, therefore, rejected.

### 3. Failure to Object to Egregious Prosecutorial Misconduct

Finally, Brown alleges that counsel was ineffective for failing to object to egregious prosecutorial misconduct. The government responds that there was no prosecutorial misconduct to which defense counsel could object. The Court agrees.

Courts review prosecutors' conduct for impropriety within the context of the trial as a whole. *Ramseur v. Beyer*, 983 F.2d 1215, 1239 (3d Cir. 1992). Prosecutorial misconduct is impermissibly prejudicial if it "so infected the trial with unfairness as to make the resulting conviction a denial of due process," such that it effectively denies a defendant of his or her right to a fair trial. *Fahy v. Horn*, 516 F.3d 169, 198 (3d Cir. 2008) (citations omitted). Further, in its review, a court must "'distinguish between ordinary trial error and that sort of egregious misconduct which amounts to a denial of constitutional due process.'" *Ramseur*, 983 F.2d at 1239 (quoting *United States ex rel. Perry v. Mulligan*, 554 F.2d 674, 678 (3d Cir. 1976)).

In this case, the Court finds that there was no prosecutorial misconduct. At most, the government erred when it failed to review Special Agent Smith's "drop file" before having prepared the affidavit in support of the warrant application.[4] However, there was no evidence that the government knew of the existence of Agent Smith's "drop file." Nevertheless, the Court suppressed the evidence—based on the motion presented and argued by Brown's counsel. That is a far cry from ineffective assistance of counsel. Defendant's claim is, therefore, rejected.

IV.  Conclusion

For the reasons hereinabove set forth, Brown's motion will be **DENIED** and Civil Action No. 14-912 shall be docketed as **CLOSED**. Furthermore, a certificate of appealability will not be issued because Brown has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2255(c)(2).

McVerry, S.J.

---

4. In its "motion to reconsider order granting suppression on the basis of newly discovered evidence," the government explained that Agent Smith maintained (in typical fashion) two different types of case files regarding the bank robbery investigation: "(1) the official case file that included all official records and reports related to the investigation and (2) a drop file including telephone numbers and other personal notes and contact information." (ECF No. 74 at 4).

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>)<br>    v. )<br>)<br>)<br>ALLEN BROWN. )<br>) | **Criminal No. 08-299**<br>**Civil No. 14-912** |

## ORDER OF COURT

**AND NOW,** this the 10th day of August, 2015, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED,** and **DECREED** that the MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY filed by Allen Brown is **DENIED**, and no certificate of appealability shall issue as Brown has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2255(c)(2). **IT IS FURTHER ORDERED** that Civil Action No. 14-912 shall be docketed as **CLOSED**.

BY THE COURT:

s/Terrence F. McVerry
Senior United States District Judge

cc: **Shaun E. Sweeney, AUSA**
Shaun.Sweeney@usdoj.gov

(via CM/ECF)

**Allen C. Brown**
Reg. No. 36558-007
F.C.I. Cumberland
P.O. Box 1000
Cumberland MD 21501

(via U.S. Mail, postage prepaid)